UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

TIMOTHY KAES
Plaintiff

v. C.A. No. 08-10744

CITY OF QUINCY and
ROBERT F. CROWLEY
Defendants

**ANSWER OF DEFENDANT, CITY OF QUINCY, AND DEFENDANT ROBERT CROWLEY, SOLELY IN HIS OFFICIAL CAPACITY, WITH DEMAND FOR JURY TRIAL**

The defendant, City of Quincy ("Quincy") hereby answers or otherwise responds to the allegations in the complaint as follows. In answering, Quincy is also responding to allegations contained in Count III, which purport to state claims against co-defendant, Robert Crowley, in his official capacity as an agent, servant and/or employee of Quincy. Claims of this nature properly are directed against Quincy, only.

1. Quincy admits the allegations contained in paragraphs one through three, seven through ten, twelve through sixteen, and paragraph thirty.
2. Quincy denies the allegations contained in paragraphs six, eleven, seventeen, eighteen, forty-four through forty-nine, and fifty-five through fifty-seven.
3. Quincy makes no response to the allegations contained in paragraphs set forth in Counts I, II, and IV – as these counts involve claims asserted against a co-defendant, requiring no response herein.

4. Quincy makes no direct response to the allegations contained in paragraphs forty-three and fifty-four, as these are paragraphs of inclusion; Quincy refers to its answers to the included paragraphs, for answer herein.

5. Quincy makes no response to the allegations contained in paragraphs nineteen through twenty-nine, on the basis that each paragraphs include characterizations, hearsay references, and references to written documents; all of which make a reasonable response impossible. Quincy therefore denies the allegations in these paragraphs, and calls upon plaintiff to prove same. To the extent the allegations refer to written documents, or the contents thereof, Quincy calls upon the plaintiff to produce the original of such documents for a complete and accurate recantation of that contained therein.

THE DEFENDANT ASSERTS THE FOLLOWING AFFIRMATIVE DEFENSES.

FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

SECOND AFFIRMATIVE DEFENSE

The subject matter of this claim is the subject of an award issued following an arbitration hearing on the merits of all issues presented; wherefore, this action must be dismissed.

THIRD AFFIRMATIVE DEFENSE

Each individual actor, including Crowley, employed by the defendant Quincy is protected by qualified immunity from one or more of the claims in the Complaint.

FOURTH AFFIRMATIVE DEFENSE

The defendants have not treated this plaintiff any differently than any other similarly situated individual; wherefore, recovery under the equal protection claim is barred.

FIFTH AFFIRMATIVE DEFENSE

The city of Quincy had no policy or custom regarding the performance of deliberate indifference regarding any of its employees, as alleged in the complaint; wherefore, recovery under the equal protection claim is barred.

SIXTH AFFIRMATIVE DEFENSE

No search of the plaintiff occurred, nor any seizure of his property, as alleged; wherefore, recovery under Count III is barred.

SEVENTH AFFIRMATIVE DEFENSE

At the time of the incident alleged in the complaint, there existed a rational basis for the treatment of the plaintiff at all times material to this action; wherefore, recovery under the equal protection claim is barred.

EIGHTH AFFIRMATIVE DEFENSE

No agent, servant or employee of the city of Quincy acted with bad faith or retaliatory animus toward the defendant at any time material to the claims raised in this action; wherefore, recovery is barred.

NINTH AFFIRMATIVE DEFENSE

Plaintiff's recovery under Counts III and V is barred by virtue of the expiration of the applicable statute of limitations.

TENTH AFFIRMATIVE DEFENSE

The city of Quincy is immune from liability for the discretionary actions of its agents, servants and/or employees under the provisions of G.L. c. 258 § 10 (b).

ELEVENTH AFFIRMATIVE DEFENSE

The city of Quincy is immune from liability for the intentional actions of its agents, servants and/or employees under the provisions of G.L. c. 258 § 10 (c).

TWELTH AFFIRMATIVE DEFENSE

The actions of the plaintiff at all times material to this action were violative of one or more of the General Laws of this commonwealth; these actions caused and/or contributed to the cause of the alleged injuries and damages sustained by plaintiff; as a result of his own illegal behavior, recovery under Counts III and V is barred.

THESE DEFENDANTS DEMAND A TRIAL BY JURY AS TO ALL ISSUES RAISED IN THE PLAINTIFF'S COMPLAINT.

THE CITY OF QUINCY

By its attorney,

***James S. Timmins***

James S. Timmins (BBO #547512)
City Solicitor's Office
Quincy City Hall
1305 Hancock Street
Quincy, MA 02169
(617) 376-1511

DATED: July 2, 2008

CERTIFICATION OF SERVICE

I hereby certify that this document filed through the ECF system was sent electronically to counsel of record for the opposing party on July 3, 2008.

***James S. Timmins***