UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

NO. 08-CV-10744

TIMOTHY KAES,

               Plaintiff,

v.

CITY OF QUINCY, and ROBERT F.
CROWLEY,

               Defendants.

## ROBERT F. CROWLEY'S MOTION FOR A PROTECTIVE ORDER

For the reasons set forth in the memorandum supporting this Motion and the Affidavit of

John Hitt, Defendant Robert F. Crowley moves for a protective order under Fed. R. Civ. P. 26(c).

A copy of a proposed order is attached to this Motion.

               Respectfully submitted,

               ROBERT F. CROWLEY,

               By his attorney,

               /s/John R. Hitt
               John R. Hitt (BBO # 567235)
               Cosgrove, Eisenberg & Kiley, PC
               One International Place, Suite 1820
               Boston, MA 02110
DATED: February 19, 2009       (617) 439-7775

### LOCAL RULE 37.1 CERTIFICATION

I hereby certify that the provisions of Local Rule 37.1 were complied with and that counsel for parties were unable to narrow the area of dispute that is the subject of this Motion.

/s/John R. Hitt

### CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as

nonregistered participants on February 19, 2009.
  /s/John R. Hitt

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

NO. 08-CV-10744

TIMOTHY KAES,

        Plaintiff,

v.

CITY OF QUINCY, and ROBERT F.
CROWLEY,

        Defendants.

## PROTECTIVE ORDER

This Court grants Robert F. Crowley's Motion For a Protective Order and ORDERS the following:

1.      Pages 8-20 of the deposition of Robert F. Crowley dated January 27, 2009, are hereby be sealed until further order of this Court.

2.      Plaintiff and his agents shall refrain from disclosing Mr. Crowley's confidential medical information as appearing at pages 8-20 of the deposition of Robert F. Crowley dated January 27, 2009.

3.      When Mr. Crowley's deposition resumes, Plaintiff is forbidden from furthering inquiry regarding Mr. Crowley's personal medical information.

4.      When Mr. Crowley's deposition resumes, Plaintiff is forbidden from inquiring concerning Mr. Crowley's employment history or his conduct before September 27, 2004.

5.      When Mr. Crowley's deposition resumes, Plaintiff is forbidden from further inquiry concerning Mr. Crowley's conduct in any matter other than the matters directly concerning Plaintiff.

SO ORDERED:

_____        Dated:_____

Judge Richard G. Stearns