UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

NO. 08-CV-10744

TIMOTHY KAES,

    Plaintiff,

v.

CITY OF QUINCY, and ROBERT F. CROWLEY,

    Defendants.

**ROBERT F. CROWLEY'S EMERGENCY MOTION
TO IMPOUND PLAINTIFF'S OPPOSITION TO
MR. CROWLEY'S MOTION FOR A PROTECTIVE ORDER**

    Defendant Robert F. Crowley further moves under Local Rule 7.2 to impound or seal Timothy Kaes's Oppostion [sic] to Robert F. Crowley's Motion For a Protective Order and Motion to Impound ("Plaintiff's Opposition").  The content of Plaintiff's Opposition exemplifies the problem faced by Mr. Crowley and precisely why this Court should issue Mr. Crowley's requested protective order and also impound Plaintiff's Opposition.[1]  Woven throughout Plaintiff's Opposition are specific references to the confidential medical information that Mr. Crowley seeks to protect from disclosure.  Although professing to have no desire to embarrass Mr. Crowley or publish his medical history (Plaintiff's Opposition at 11-12), Plaintiff's Opposition does precisely the contrary.  Accordingly, this Court should impound or seal

---

[1] Additionally, this Court should not consider the cross-motion filed by Plaintiff, because it was filed with Court without certification of compliance with Local Rules 7.1 or 37.1.

Plaintiff's Opposition and remove it from the public record.

                                            Respectfully submitted,

                                            ROBERT F. CROWLEY,

                                            By his attorney,

                                            /s/John R. Hitt
                                            John R. Hitt (BBO # 567235)
                                            Cosgrove, Eisenberg & Kiley, PC
                                            One International Place, Suite 1820
                                            Boston, MA 02110
DATED: March 6, 2009                     (617) 439-7775

LOCAL RULE 7.1 CERTIFICATION

I hereby certify that I attempted to confer with Plaintiff's counsel on March 6, 2009 to resolve or narrow the issues in this Motion. I was informed that Plaintiff's Counsel was unavailable because of a family medical issue, and may or may not be available later in the day. I have previously been instructed by Plaintiff's counsel to confer only with him and no other attorney in his office regarding this matter. Given the conundrum created by this situation, i.e., my need to act immediately to protect my client's privacy before waiting for a response by counsel, I believe I have acted in conformity with the rule.
/s/John Hitt

CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as nonregistered participants on March 6, 2009.
 /s/John R. Hitt