UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.: 08-10744

| | |
|---|---|
| TIMOTHY KAES, | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| CITY OF QUINCY, and | ) |
| ROBERT F. CROWLEY, | ) |
| individually, and in his capacity | ) |
| as the Chief of City of Quincy | ) |
| Police Department, | ) |
|     Defendants. | ) |

**PLAINTIFF, TIMOTHY KAES'S MEMORANDUM IN SUPPORT
OF OPPOSITION TO DEFENDANT, ROBERT CROWLEY'S
MOTION *IN LIMINE* TO TAKE JUDICIAL NOTICE OF
<u>DISTRICT COURT PROBABLE CAUSE DETERMINATION</u>**

NOW COMES the Plaintiff, Timothy Kaes, through Counsel, and submits the following Memorandum in Opposition to Defendant, Robert Crowley's Motion *In Limine* To Take Judicial Notice of District Court Probable Cause Finding, as a finding of probable cause is only evidence to be considered by a jury and not prima facie evidence as the Defendant suggests.

**I.      Introduction**

The Plaintiff does not dispute the fact that on March 11, 2005, a Justice of the Dedham District Court found that probable cause existed to issue a criminal complaint against the Plaintiff for operating under the influence, and negligent operation of a motor vehicle.

The Dedham District Court's finding was made after a Clerk Magistrate of the Dedham District Court, on November 9, 2004, found that there was <u>*no*</u> probable cause to issue the

criminal complaint.  After the Clerk Magistrate's determination, Defendant Crowley took the unprecedented step of personally calling the Norfolk County District Attorney, William Keating, and requesting that a redetermination of the Clerk Magistrate's decision be sought by the District Attorney's office.  Only after a redetermination was sought did the Dedham District Court find that probable caused existed.

The Plaintiff objects to Defendant Crowley's request that this Honorable Court take judicial notice of the probable cause finding, insofar as the Defendant requests this Court instruct the jury pursuant to Rule Fed.R.Evid. 201(g), " to accept as prima facie evidence that on March 11, 2005, the Dedham District Court found probable cause to issue a criminal complaint against Plaintiff Timothy Kaes for the offenses of negligent operation of a motor vehicle and operation of a motor vehicle under the influence of intoxicating liquor".  *See*, Defendant's Motion *In Limine*, p. 5.  Such a request, aside from being highly prejudicial, is not supported by law.

**II.     Argument**

In support of Defendant Crowley's argument that the Dedham District Court's finding of probable cause is prima facie evidence, the Defendant cites only one unpublished decision from the 9th Circuit.  The Defendant ignores the 160 year precedent established in Massachusetts that a probable cause finding is only evidence to be considered by a jury.  <u>See</u>, <u>Bacon v. Towne</u>, 58 Mass. 217, 236 (1849). <u>See also</u>, <u>Perkins v. Spaulding</u>, 182 Mass. 218, 65 N.E. 72 (1902) (The finding of a bill by the grand jury though some evidence of probable cause is not prima facie evidence that the prosecuting witness had probable cause for instituting the proceedings); and <u>Willis v. Gurry</u>, 331 Mass. 19, 116 N.E.2d 689 (1954) (A finding by a district court judge, who held the plaintiff for the grand jury under bail, that there was probable cause for prosecution, is

not conclusive, and is only evidence to be considered by the jury along with other evidence on the question of probable cause).

This Honorable Court (Stearns, J.) in Haley v. City of Boston, 2009 U.S. Dist. LEXIS 121565 (December 31, 2009), reaffirmed the long standing case law and in citing Bacon v. Towne found that "while the finding of probable cause by the Superior Court is important evidence that probable cause did in fact exist, it is not conclusive". *See*, Haley at p.7. The Defendant states no facts or law that should induce this Court to abandon 160 years of precedent and determine that a probable cause finding is prima facie evidence.

The Defendant notes in his Motion *In Limine* that this Honorable Court in its order denying the Defendant's Motion for Summary Judgment cited Bacon v. Town for the proposition that the probable cause finding is "important evidence that probable cause did in fact exist". However, the Defendant without further explanation maintains that "Thus, the District Court probable cause finding is prima facie evidence that probable cause existed." The Defendant does not expound on his conclusion. No facts or law is submitted to support the Defendant's contention that 160 year old case law should be reexamined by this Court.

During the Rule 7.1 conference conducted between counsel on February 4, 2010 prior to the Defendant filing his Motion *In Limine* regarding judicial notice of the probable cause hearing, Defendant's attorney, John Hitt, maintained that the probable cause finding on March 11, 2005 by a Justice has more evidentiary weight than the Clerk Magistrate's finding on November 9, 2004 that no probable cause existed. The Defendant's attorney's contention is without merit. The Plaintiff maintains that both determinations have *equal* weight in theory, and that given the circumstances of this case a jury should give the probable cause finding on March 11, 2005 less weight, as it was prompted by Defendant Crowley's extraordinary request to

Norfolk County District Attorney William Keating that his office seek a redetermination of the Clerk Magistrate's decision that no probable cause existed.

In Massachusetts, by statute, justices have *coextensive* authority with magistrates to issue criminal complaints.  <u>See</u>, M.G.L. c. 218 §§ 32 & 35, and M.G.L. c. 276 § 22.  As this Court may know if a magistrate issues a complaint, the accused may <u>not</u> appeal the magistrate's determination or have it redetermined by a judge.  <u>See</u>, District Court Standard of Judicial Practice, *The Complaint Procedure*, Standard 3:22 "Redetermination by a judge after a magistrate's denial" (2008).  Therefore, the Defendant's assertion that the Clerk Magistrate's determination somehow bears less weight than the Justice's probable cause finding is without merit.

It is noteworthy that during the Rule 7.1 conference on February 4, 2010 the Plaintiff's attorney maintained that, as there was no dispute regarding the procedural facts of the criminal matter, the Plaintiff would be agreeable to entering in a stipulation of facts to include the fact that probable cause was found on March 11, 2005.  Defendant Crowley's attorney stated that he would contemplate a proposed stipulation of facts, but that nevertheless he would be seeking judicial notice of the probable cause finding.

The Plaintiff will be prejudiced if the Court was to instruct the jury to accept the District Court's probable cause determination as prima facie evidence because the jury may then disregard the Clerk Magistrate's finding of no probable cause, and the fact that Defendant Crowley personally contacted District Attorney William Keating and asked that his office seeks redetermination of the Clerk Magistrate's decision.

### III. Conclusion

For the reasons stated above the Honorable Court should DENY Defendant, Robert Crowley's Motion *In Limine* To Take Judicial Notice of District Court Probable Cause Finding.

                Respectfully submitted,
                Timothy Kaes, Plaintiff,

                */s/ Richard C. Bardi*
                _____
                Richard C. Bardi / BBO #542797
                Law Office of Richard C. Bardi
                6 Beacon Street, Suite 800
                Boston, Massachusetts 02108
                (617) 227-4040
                Bardi@richardbardi.com

Dated: February 11, 2010

### CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as nonregistered participants on February 11, 2010.

                /s/ Richard C. Bardi