UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

NO. 08-CV-10744

TIMOTHY KAES,

    Plaintiff,

v.

CITY OF QUINCY, ET AL.,

    Defendants.

## DEFENDANT CROWLEY'S OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE TO TAKE JUDICIAL NOTICE

Plaintiff, a police patrolman employed by the City of Quincy, sues Defendant Crowley, the retired Quincy Police Chief, in his individual capacity, for a state-law claim of malicious prosecution. At or about 2:54 a.m., on September 27, 2004 Plaintiff crashed his SUV, colliding with a parked car, a business sign, a fire hydrant, the hedges on the side of a house, and crashing through the side of a detached garage inside of which his SUV came to a stop.[1] Following the crash and an investigation by the Quincy Police Department, then Chief Crowley authorized and then supported the prosecution of a criminal case against Plaintiff for operating to endanger and operating a motor vehicle under the influence of intoxicating liquor.[2] Plaintiff now acknowledges that at some point between midnight, when he left work, and the time of the crash

---

[1] Defendant Robert F. Crowley's Statement of Undisputed Material Facts [Docket No. 31], ¶ 3. Except for noting a six-minute difference of time regarding the crash, Plaintiff did not otherwise dispute this factual statement at summary judgment.

[2] Plaintiff also is pursuing a Fourth-Amendment-unreasonable-search-and-seizure claim against Mr. Crowley in his official capacity, which concerns the search of Plaintiff's car by the Quincy Police Department after the crash.

he "ingested one (1) beer, which he *may* not have finished."[3]

Plaintiff now moves to have this Court take judicial notice that: (1) in November 2004, an assistant clerk-magistrate of the Dedham District Court found no probable cause to issue a criminal complaint against Plaintiff; (2) "the not guilty finding by Judge Hinkle;" and (3) the findings of an arbitrator, issued after the conclusion of the criminal case concerning Plaintiff's collective-bargaining claim and whether there was just case to fire him from his job as a police officer. For the reasons set forth below, this Court should deny Plaintiff's Motion.

## Argument

I.  **This Court Should Not Take Judicial Notice of The Nonbinding Decision of the Assistant Clerk-Magistrate to Not issue a Criminal Complaint Against Plaintiff.**

This Court should deny Plaintiff's Motion that the Court take judicial notice of the nonbinding decision of the assistant clerk-magistrate on November 9, 2004, to not issue a criminal complaint against Plaintiff. Plaintiff's Motion should be denied for at least four reasons.

First, Plaintiff's reliance on Restatement (Second) Torts § 663 to support his argument is misplaced because Plaintiff ignores the introductory clause of subsection (1) and the entirety of subsection (2) of the section. The argument advanced by Plaintiff regarding subsection (1) (see Plainitff's Memo. at 3-4) applies only "[i]n the absence of evidence of probable cause . . . ." Here, the First Justice of the Dedham District Court found probable cause to issue the criminal complaint against Plaintiff after the assistant clerk-magistrate's nonbinding decision not to issue a complaint. Additionally, this Court has already observed that the finding by the Dedham

---

[3] Plaintiff's statement of material facts [Docket #38], ¶ 5 (emphasis added).

District Court is "important evidence that probable cause did in fact exist." Order of November 23, 2009. Accordingly, the portion of subsection (1) relied on by Plaintiff is inapplicable here.

Second, Plaintiff's argument also fails because he ignores the applicability of Section 663(2), which provides that "[t]he magistrate's commitment of the accused is evidence that the person initiating the proceedings had probable cause." For purposes of Section 663, a "magistrate" includes a judge. Restatement (Second) Torts § 659, Comment c.[4] Thus, the rule in subsection (2) applies here since the First Justice of the Dedham District Court subsequently found probable cause to issue the criminal complaint against Plaintiff. Indeed, it is a restatement of the rule contained in Bacon v. Towne, 58 Mass. (4 Cush.) 217 (1849), which has been applied to this case by this Court in its Order of November 23, 2009. Thus, Plaintiff's reliance on the limited portion of Section 663(1) as a basis for taking judicial notice is without merit.

Third, the nonbinding decision of the assistant clerk-magistrate, which concluded that there was non probable cause to support issuing a complaint, was superceded by the Dedham District Court judge's finding of probable cause on March 11, 2005. "[T]he Supreme Judicial Court has held that judges have inherent authority to rehear such applications" when the initial application for a compliant is denied. Mass. R. Crim. P. 3(g), Reporter's Notes–Revised 2004 (citing Bradford v. Knights, 427 Mass. 748, 695 N.E.2d 1068 (1998). Moreover, as a matter of

---

[4] Comment c states that:

> The term "magistrate" is used to include not only a person who bears that title but also any other person who, like a magistrate, has the power to bind over for further hearing. It therefore, includes a judge sitting as a committing magistrate, a just of the peace, and a United States commissioner, all of whom discharge the duties of magistrates.

Restatement (Second) Torts § 659, Comment c.

law, criminal complaints issue in the Massachusetts District Court only upon a finding of probable cause.  Mass. G.L. c. 218, § 35A; see Mass. R. Crim. P. 3(g)(2) (stating that "[t]he appropriate judicial officer" must be satisfied that "the complaint establishes probable cause to believe that the person against whom the complaint is sought committed an offense" [emphasis added]).

Finally, this Court already dismissed Plaintiff's claim (Count I) for malicious prosecution based on the assistant clerk-magistrate's nonbinding decision to not issue a criminal complaint. Order of September 25, 2008.  Plaintiff's attempt to resurrect the substance of the dismissed claim at this juncture of the case by way of judicial notice would confuse the finder of fact and obfuscate the probable cause conclusion that underlies the Dedham District Court's binding decision to issue a criminal complaint against Plaintiff.

## II.   This Court Should Not Judicially Notice the Arbitrator's Findings.

This Court should reject Plaintiff's request to take judicial notice of the arbitrator's "Opinion and Award" or the "finding by the Arbitrator" concerning Plaintiff's collective-bargaining claim.  (See Plaintiff's Memo. at 6).  It has been observed that "most courts agree that Rule 201 does not permit courts to judicially notice the truth of findings of fact."  Wright and Miller, et al., 21B Fed. Prac. & Proc. Evid., § 5106.4 & n.44 (2nd Ed. West) (current through 2009) (and cases cited therein).  If a court generally cannot take judicial notice of another court's findings of fact, then Rule 201 should not permit a court to take judicial notice of the truth of an arbitrator's findings of fact.  Indeed, in certain instances a court may take judicial notice of an arbitrator's decision, but it would be error to notice the arbitrator's findings of fact as true.  See e.g. Brody v. Hankin, No. 04-1376, slip op. at 8 (3rd Cir. 2005)


(http://www.ca3.uscourts.gov/opinarch/041376np.pdf).  The only cases cited by Plaintiff in support of his motion support the general rule and not the argument advanced by Plaintiff.

In Stacks v. Southwestern Bell Yellow Pages, 27 F.3d 1316, 1326 n.3 (8th Cir. 1994), the Eighth Circuit took "judicial notice of an arbitration decision finding that [plaintiff] Stacks had been dismissed for just cause under the collective bargaining agreement.  Although we take judicial notice of the decision, we do not defer to it, nor give it any weight."  Nothing about the Stacks decision supports Plaintiff's contention that this Court should depart from the majority rule and take judicial notice of the arbitrator's findings of fact in Plaintiff's collective-bargaining matter.  In fact, Stacks appears to stand for the unremarkable proposition that a federal appellate court may take judicial notice of an arbitration decision in certain circumstances not present here.

Plaintiff's citation to Lebron v. International Shippling Agency Inc., No. 08-2321 (1st Cir. Jan. 29, 2010) (http://www.ca1.uscourts.gove/cgi-gin/getopn.pl?OPINION=08-2321P.01A) is also uninstructive.  In Lebron, the First Circuit observed only that as an appellate court, it could take judicial notice of an official English translation of an arbitration award concerning particular parties because the translated arbitration award was in the judicial record of a related district court proceeding in Puerto Rico.  Nothing in the decision stands for the proposition that this Court should depart from the majority rule and take judicial notice of the arbitrator's findings of fact in Plaintiff's collective-bargaining matter.

**III.  The Court Should Not Take Judicial Notice of the Finding of Not Guilty as Framed by Plaintiff.**

Defendant Crowley does not dispute that a not-guilty verdict was entered by the Dedham District Court.  However, it does not follow that it is therefore proper under Rule 201 for this

Court to take judicial notice "of the not guilty *finding* by Judge Hinkle and instruct the jury that Judge Hinkle's *finding* terminated the criminal action in the Plaintiff's favor." (Plaintiff's Motion at 1 [emphasis added]). As a general rule, a court may not take judicial notice of the findings made in another court under Rule 201 because those findings are inadmissible hearsay if offered to prove the truth of the matter asserted. "If the judge's words [are] offered in evidence in another hearing to prove the defendant's guilt, they would [be] hearsay and inadmissible in the absence of some exception." Wright and Miller, et al., 21B Fed. Prac. & Proc. Evid. § 5106.4 (2nd Ed. West). "On the other hand, if the judge's words were offered to prove that the defendant had been convicted, they would not be hearsay because the are 'legally operative conduct.'" Id. Here, Plaintiff's proposes taking judicial notice of the Dedham District Court judge's finding without specificity and also without accounting for the significant fact that the Dedham District Court judge found Plaintiff not guilty but only after denying Plaintiff's motion for a required finding of not guilty.

**Conclusion**

For the reasons set forth above, this Court should deny Plaintiff's Motion.[5]

          Respectfully submitted,

          ROBERT F. CROWLEY, Individually

          By his attorney,

          /s/John R. Hitt
          John R. Hitt (BBO # 567235)
          Cosgrove, Eisenberg & Kiley, PC
          One International Place, Suite 1820
          Boston, MA 02110
          (617) 439-7775

DATED: February 16, 2010

CERTIFICATE OF SERVICE

    I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as nonregistered participants on February 16, 2010.
 /s/John R. Hitt

---

[5] Defendant also notes that the portion of Plaintiff's Motion seeking judicial notice of the arbitration award was filed without complying with Local Rule 7.1