UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

NO. 08-CV-10744

TIMOTHY KAES,

           Plaintiff,

v.

CITY OF QUINCY, ET AL.,

           Defendants.

**OPPOSITION TO PLAINTIFF, TIMOTHY KAES'S MOTION IN LIMINE
TO PRECLUDE ANY REFERENCE AT TRIAL TO ALLEGED
<u>PRIOR OR SUBSEQUENT BAD ACTS OF THE PLAINTIFF</u>**

<u>**Introduction**</u>

      This Court should deny Plaintiff's Motion because this case presents one of the few types of claims (malicious prosecution of criminal charges) in which a plaintiff's character becomes a material issue if a plaintiff proves a want of probable cause. As stated by one leading commentator on Massachusetts law in this area:

> In an action for malicious prosecution of a criminal charge the plaintiff must show that the defendant brought criminal proceedings against the plaintiff, that he did so with malice and without probable cause to believe the plaintiff guilty, and that the proceedings terminated in the plaintiff's favor. *The ordinary rule that reputation of a party in a civil action is inadmissible does not apply in such an action; hence, the defendant is entitled to present evidence of the plaintiff's general bad reputation and of his knowledge of that reputation, in order to meet the element of want of probable cause.*

Howard J. Alperin, 14B Mass. Prac., Summary of Basic Law § 10.63 (4th ed. current through 2010) (emphasis added) (footnotes omitted).

<u>Argument</u>

**WHAT DEFENDANT CROWLEY KNEW ABOUT PLAINTIFF'S REPUTATION AS A POLICE OFFICER WITH A POSSIBLE DRINKING PROBLEM IS MATERIAL IN THIS CASE AND A PROPER AREA OF INQUIRY, IF PLAINTIFF CLEARS THE FORMIDABLE HURDLE OF SHOWING A WANT OF PROBABLE CAUSE TO SUPPORT THE CRIMINAL CASE AGAINST HIM.**

The central issue in this case is whether Plaintiff can prove that probable cause did not

exist for the Dedham District Court to issue a criminal compliant against him for the charges of

driving to endanger and driving under the influence of liquor.[1]  As this Court has already ruled in

---

[1]  Getting down to brass tacks, it is unclear how Plaintiff proposes to make that showing given that he does not dispute that he operated his a motor vehicle, Compl. ¶ 11 [Docket #1], on a public way, Compl. ¶ 11 [Docket #1], in a manner that put the public at risk (an element that can be inferred from the seriousness of his crash, <u>see</u> <u>Commonwealth v. Ferreira</u>, 70 Mass. App. Ct. 32, 34-36 (2007) (outlining the minimal evidence required by the driving to endanger statute and the types of inferences that can be drawn to support the denial of a motion for a required finding of not guilty in a criminal case)).  Plaintiff continues to gloss over each of these evidentiary points and instead continues to focus only on the "under the influence" element. Even there though, he is skating on the thinnest of ice given that: he now admits that he drank beer before the accident (Plaintiff Timothy Kaes's Responses to Defendant, Robert F. Crowley's Statement of Undisputed Material Facts, ¶ 5 [Docket #38]) ; multiple witnesses will testify that they smelled an odor of alcoholic beverages on him after his accident; the chief investigating officer will testify that on a sliding scale of probable cause between 1 and 10, Plaintiff was a 3.5 and that if Plaintiff had been a civilian and not a police officer he probably would have charged him (without calling Chief Crowley); the emergency room doctor told the chief investigating officer that Plaintiff was intoxicated; and that the emergency room physician (if permitted to testify) will testify that Plaintiff told him that he "had 6 beers" and will also testify, among other things that Plaintiff "smelled of ETOH" and had "slurred speech" all of which he recorded on Plaintiff's medical record which was admitted into evidence at Plaintiff's criminal trial.  Setting aside the issue of guilt or innocence, it hard to fathom how such evidence does not establish probable cause given that the Supreme Judicial Court has stated that the purpose of the operating-under-the-influence statute is to:

> protect the public from drivers whose judgment, alertness, and ability to respond promptly and effectively to unexpected emergencies are diminished because of the consumption of alcohol.  Interpreting the statute in that light, we conclude that, in a prosecution for operating a motor vehicle while under the influence of intoxicating liquor, the Commonwealth must prove beyond a reasonable doubt that the defendant's consumption of alcohol diminished the defendant's *ability* to

(continued...)

this case "[a]lthough a negative proposition, the burden falls to the plaintiff to prove that

probable cause did not exist."  Order of November 23, 2009 (citing <u>Keefe v. Johnson</u>, 304 Mass.

572, 577 (1939); <u>see</u> <u>also</u> <u>Bacon v. Towne</u>, 58 Mass. (4 Cush.) 217, 240-241 (1849) ("The Proof

of want of probable cause lies on the Plaintiff").

    The operative legal inquiry here is whether the *Dedham District Court*, on March 11,

2005, had probable cause to issue the criminal complaint against Plaintiff.  If Plaintiff does not

rebut the prima facie evidence that probable cause existed (the District Court's issuance of the

criminal compliant) then Plaintiff will have failed to have proved a want of probable cause and

---

[1](...continued)
operate a motor vehicle safely.  The Commonwealth need not prove that the
defendant *actually drove* in an unsafe or erratic manner, but it must prove a
diminished *capacity* to operate safely.

<u>Commonwealth v. Connolly</u>, 394 Mass. 169 at 172-173 (1985).  All that must be shown is that
the Commonwealth had probable cause to believe that Plaintiff's consumption of alcohol
diminished his ability to operate his motor vehicle safely.  <u>Cf.</u> <u>Commonwealth v. Connolly</u>, 394
Mass. at 173.  Probable cause to believe that Plaintiff had a diminished <u>capacity</u> to operate his
motor vehicle safely is all that was needed.  <u>Cf.</u> <u>id.</u>; <u>Comm. v. Marley</u>, 396 Mass. 433, 436-438
(1985) (same).  Stated slightly differently, all that was needed here was probable cause to believe
that Plaintiff's "faculties were affected by [alcohol]."  <u>Commonwealth v. Haley</u>, 23 Mass. App.
Ct. 10, 13 (1986).  Here, sufficient evidence existed to show probable cause to believe Plaintiff
was under the influence: After drinking beer, a fact which Plaintiff now admits, he lost control of
his motor vehicle and crashed into a parked car, a business sign, a fire hydrant the hedges on the
side of a house, and a detached garage, and multiple witnesses who came into contact with
Plaintiff in the following hours noticed the odor of alcoholic beverages coming from Plaintiff.
<u>See</u> <u>Muniz v. Mehlman</u>, 327 Mass. 353, 358-59 (1951) (noting that plaintiff's concession that he
"consumed most of a bottle of ale shortly before his arrest" coupled with other minimal evidence
provided probable cause since the defendant's "'duty . . . [w]as not to ascertain whether there . . .
[was] a defence, but whether there . . . [was] reasonable and probable cause for a prosecution'"
[citation omitted]); <u>Comm. v. Butterfield</u>, 44 Mass. App. Ct. 926 n.4 (1998) (defendant's
statements that he had been drinking is probative of the issue of whether there was probable
cause to believe he was under the influence); <u>see also</u> <u>Commonwealth v. Bryer</u>, 398 Mass. 9, 10-
11 (1986) (smelling of alcohol recognized as a factor); <u>Comm. v. Kelley</u>, 39 Mass. App. Ct. 448
(1995) (same).

judgment should enter for Defendant.[2]  If, on the other hand, Plaintiff rebuts the prima facie case

of probable cause (presumably by showing that the District Court made its decision based on

mistaken or fraudulent facts presented by the Commonwealth), then Defendant Crowley must be

permitted to "rebut the proof of want of probable cause."  Bacon v. Towne, 58 Mass. (4 Cush.) at

240-41; see generally 14B Mass. Prac. § 10.63.  At that point, and only at the point, does the

evidentiary focus shift from whether the Dedham District Court had probable cause to issue the

criminal complaint against Plaintiff (and also ultimately deny the Plaintiff's motion at trial for a

required finding of not guilty) to whether Defendant Crowley had probable cause to initiate or

continue the criminal proceedings against Plaintiff.

It is in the context of that later evidentiary inquiry, if it is ever even reached in this case,

that Defendant Crowley would need to introduce evidence to rebut the "mistake-of-fact"

evidence presented by Plaintiff.  At that juncture, one way in which Defendant Crowley would be

permitted to rebut the Plaintiff's want-of-probable-cause/mistake-of-fact evidence would be by

introducing evidence regarding Plaintiff's character which was known to Defendant Crowley

when he initiated the criminal complaint and while he continued to support the criminal

proceedings against Plaintiff.  This approach is confirmed by Bacon v. Towne, 58 Mass. at 240-

41, Lewis v. Goldman, 241 Mass. 577, 578 (1922), and the Restatement (Second) of Torts § 662,

---

[2]  Again, it is hard to envision how Plaintiff will be able to make that showing here where
the trial judge also denied Plaintiff's motion for a required finding of not guilty at the close of the
Commonwealth's evidence in the criminal case.  That ruling by the trial judge means that as a
matter of law there was proof *beyond a reasonable doubt* that would have permitted a rational
jury to convict Plaintiff.  If it has already been judicially determined that there was proof beyond
a reasonable doubt, then it has already been judicially determined that there was proof at least
three degrees beyond probable cause (e.g., probable cause, preponderance of the evidence,
clearing and convincing evidence, beyond a reasonable doubt).

comment h, each of which permits proof regarding what a defendant knew about a plaintiff's bad

reputation or bad acts when the defendant acted.

In <u>Bacon v. Towne</u>, the Supreme Judicial Court expressly stated that:

> We are inclined to think that evidence of the general bad reputation of the plaintiff should have been admitted, to rebut the proof of want of probable cause, as well as in mitigation of damages. The same facts, which would raise a strong suspicion in the mind of a cautious and reasonable man, against a person of notoriously bad character for honesty and integrity, would make a slighter impression if they tended to throw a charge of guilt upon a man of good reputation.

<u>Id.</u> at 241. Similarly, Restatement (Second) of Torts § 662, comment h provides that:

> *Mistake of fact–Character of accused.* In determining whether a person has probable cause for initiating criminal proceedings upon the facts known or reasonably believed by him to exist, the character of the accused as it is known or should be known to the accuser by reputation or experiences *is a highly important factor*. It may not be reasonable to believe, at least without thorough investigation, a statement that a highly reputable citizen was guilty of conduct that indicates depravity or perversion. On the other hand, similar information may well be enough to give probable cause for initiating criminal proceedings against a person of notoriously bad character. . . .

Making that showing here would require Defendant Crowley to present evidence about:

(1) Plaintiff's involvement in the Waterworks night club incident and the discipline Plaintiff

received for his role in that incident, which included an order to under go an evaluation for

alcohol abuse; and (2) Plaintiff's involvement in the "Homer Road incident" of 2001, which

involved Quincy Police responding to a 911 call about a naked man breaking into a family's

home (not the Plaintiff's home) which resulted in Quincy Police finding an intoxicated and at-

least partially unclothed Plaintiff in the basement of someone else's home. Both of these

incidents involving Plaintiff and alcohol abuse were known to Defendant Crowley (and other

employees of the Quincy police department)[3] before Plaintiff's crash on September 27, 2004, and impacted Defendant Crowley's knowledge and state of mind in his assessment of probable cause to initiate and continue the criminal case against Plaintiff.

Plaintiff's attempt now to box Defendant Crowley in to an artificially narrow view of the relevant facts relating to Plaintiff and the want of probable cause issue by citing to selected portions of Defendant Crowley's deposition transcript (see Plaintiff's Memo. at 5-6) should be rejected by this Court for at least two reasons.

First, it is premised on a flawed view of what is ultimately at issue in this case. For purposes of his argument, Plaintiff focuses only on testimony relating to Defendant Crowley's basis for ordering his arrest. (Plaintiff's Memo. at 5).[4] That is not the proper focus of this case. By contrast, the proper focus of this case is that if Plaintiff clears the want-of-probable-cause hurdle, then Defendant Crowley would be permitted to provide rebuttal evidence on that point and, if Plaintiff also clears the malice (or improper motive) hurdle, then Defendant Crowley would also be permitted to present evidence that Plaintiff is in fact guilty of the offenses with

---

[3]  Plaintiff's involvement in the 2002 Waterworks night club incident and his resulting discipline was publically reported in the Boston Globe, on September 7, 2002 at p. E.18 ("Eight Quincy police officers were suspended yesterday for their roles in a night of drunken revelry at a popular Marina Bay nightclub in June . . . ;" "Kaes was suspended for 15 days") (copy attached to Hitt Aff. as Ex. A) and the Patriot Ledger, which also reported that Kaes had been "ordered to undergo evaluations for alcohol abuse . . . and . . . ha[d] been barred for one year from working paid details in which alcohol is served or sold." Patriot Ledger (September 6, 2002) (copy attached to Hitt Aff., as Ex. B).

[4]  The testimony is also irrelevant, because, as Plaintiff has acknowledged (Timothy Kaes [sic] Answers to First Set of Interrogatories Propounded by Robert F. Crowley, Answer No. 10 [copy attached to Hitt Aff., as Ex. C]) he was never arrested, and, therefore, probable cause to arrest is not at issue.

which he was charged, <u>see</u> Restatement (Second) of Torts § 657.[5]

Second, the few deposition excerpts highlighted by Plaintiff (Plaintiff's Memo. at 5-6) ignore other relevant discovery responses by Defendant Crowley that bear on the secondary or tertiary inquires that would become material to this case if Plaintiff clears the want-of-probable-cause hurdle. For example, as to Defendant Crowley's knowledge of Plaintiff's reputation and character as an officer with an alcohol-abuse problem at all times relevant to Plaintiff's accident on September 27, 2004, Defendant Crowley provided the following response to Plaintiff's Interrogatory No. 18:

**Interrogatory No. 18**

Please describe, in complete detail, the facts of the entire alleged incident occurring at or about Homer Road, as disclosed in your Initial Disclosure Under Local Rule 26.2, including, but not limited to the following in your answer:

a.  The identity (name, address, business and home telephone number) of any employee, agent and/or servant of the Quincy Police Department that responded to the scene of the alleged incident;

b.  The identity (name, address, business and home telephone number) of any witness to the alleged incident;

c.  The identity (name, address, business and home telephone number) of any person(s) cited, arrested and/or charged as a result of the alleged incident;

d.  The reasons why this incident was material to any decision made in relation to the allegations contained in Plaintiff's Complaint;

e.  The date you became aware of said incident;

f.  A complete explanation, including all facts and/or information as to the reason why the Plaintiff was not previously disciplined for said incident; and

g.  The names of all police officers disciplined as a result of said incident.

---

[5] Section 657 states that "[t]he fact that the person against whom criminal proceedings are instituted is guilty of the crime charged against him, is a complete defense against liability for malicious prosecution." Additionally, Defendant Crowley need not marshal proof beyond a reasonable doubt but only proof by a preponderance.

**RESPONSE**:

        Crowley objects to subpart (d) of this interrogatory as unanswerable because it makes an invalid assumption (calling for legal conclusion) about the materiality of the Homer Road incident.  Crowley also objects to subpart(f) of this interrogatory as calling for a legal conclusion.  Subject to these objections, and without waiving them, Crowley answers as follows: My ability to answer this interrogatory is hampered by the passage of time and my limited access to the information of the Quincy Police Department resulting from the fact that I am now retired.  Based on the information currently available to me, and my understanding of this interrogatory as I answer it, at some point in time before I became Chief of Police, I was informed about an incident that had taken place on or around Sea Street involving Kaes.  No officers I spoke too [sic] could ever tell me when or where the incident actually occurred.  In or around April or May of 2008, Kevin Tobin told me that the incident took place on Homer Road.  Quincy Police Department officers (one of whom, Officer Brandolini, told me about the incident) had responded to 911 calls of a naked intruder at a home on Homer Road.  When the officers responded, they found Kaes in the basement of the home.  It was not Kaes's home.  He was naked, apparently intoxicated, and was defecating in a laundry basket.  While officers were searching the house, Kaes, I am told, called out to one of the responding officers, "Brownie? Is that you?" and told them the officer he was "taking a shit."  Pursuant to Fed. R. Civ. P. 33(c) and Local Rule 33.1(B), I refer to two pages of a Quincy Police Department CAD Incident Unit Information print out for Incident #01023301, which identifies the responding officers, and some of the witnesses involved.  I also refer to the Quincy Police Department's recordings of the call to 911.  Witnesses included the home owners and their neighbors, a husband and wife who live on the street, with the last name Lencki, I believe.  I do not know what, if any, discipline resulted from the Homer Street incident.  I was not the Chief of Police when this incident happened.  However, I thought it was deplorable conduct for a Quincy Police Officer.  Having learned of it, it became one of the disturbing stories that I had heard about Kaes, which caused me to have concerns about him.

Defendant, Robert F. Crowley, Individually Response to Plaintiff Timothy Kaes's First Set of

Interrogatories (December 27, 2008) (copy attached to Hitt Aff. as Ex. D).  Additionally, when

asked about his knowledge of the Homer Road incident during his deposition on January 27,

2009, Defendant Crowley stated the following:

    A:    The incident, as I said, was common knowledge down at the police station for years, prior to this incident with the – prior accident.  No one – and it had been brought up not just by me, but by – it had been brought up by a lot of people.  People were talking about it.  No one seemed to know

where or when it was.  I knew about it.  And the information that I had
gotten was that Tim Kaes broke into some Asian family's home and shit
on the floor.  And that incident was covered up."

MR. BARDI:  I move to strike as unresponsive.

| | |
|---|---|
| Q: | My question to you is, I asked you whether — |
| A: | And – |
| Q: | Do you have more to say? |
| A: | Yes. |
| Q: | Okay.  Then go ahead. |
| A: | And that information, although I did not have the specifics for it, led me to believe that Tim Kaes had a serious problem. |
| Q: | Did you finish your answer? |
| A. | And with his suspension from the Water Works incident and this incident here, those three incidents, I believe that he had a serious problem – drinking problem and that that was something that I relied on when I asked the District Attorney to appeal the Court Magistrate's decision. |

MR. BARDI:  I move to strike as unresponsive.

Crowley Depo. at 25-26 (copy attached to Hitt Aff. as Ex E).[6]  Further, when pressed by Plaintiff

---

[6] Quincy Police Lieutenant Kevin Tobin, who was the communications sergeant on duty during the Homer Road incident, testified at his deposition about the widespread knowledge of the Homer Road incident involving Plaintiff:

| | |
|---|---|
| Q | (By Mr. Hitt) Lieutenant Tobin, the Homer Road incident involving Tim Kaes is a matter that people know about that incident, correct? |
| A | Yes. |
| Q | And it's something that, as far as you understand, has been talked about many times by Quincy Police Department officers, correct? |
| A | Yes. |
| Q | And it is something that – that is – that would be fair to characterize as common knowledge around the department, correct?<br>Mr. Bardi: Objection. |
| A | A lot of people are aware of it. |

(continued...)

regarding when he learned of the information about the Homer Road incident Defendant Crowley stated:

> Before 2004.  Probably two thousand – probably 2002, 2003 or somewhere around there.  I'll give you that – I'll give you that date.

Crowley Depo. at 30 (copy attached to Hitt Aff. as Ex. E).

Defendant Crowley has also clearly stated that he was aware of Plaintiff's role in the Waterworks night club incident when he was required to deal with Plaintiff accident.  During his deposition by Plaintiff, Defendant Crowley testified that, in June 2002, he "reported the [Waterworks night club] incident to [then] Chief Falco Monday morning, the morning after it happened."  Crowley Depo. at 39 (copy attached to Hitt Aff. as Ex. E).  Defendant Crowley also testified that his concern about Plaintiff's drinking problem predated the Plaintiff's accident at issue here:

> I know that I had discussed Mr. Kaes' problems, went back as far when he was disciplined for the Water Works Club or the Water Club – Water Works Club.  And he was disciplined for, I believe, letting his girlfriend drive his cruiser of letting a woman drive his cruiser.   And I believe he was ordered for an alcohol evaluation and took a suspension.

Crowley Depo. at 38-39 (Hitt Aff., Ex. E).

In short, all of this evidence bears on Defendant Crowley's knowledge of Plaintiff's reputation as a Quincy police officer with an alcohol-abuse problem.  Defendant Crowley's knowledge of Plaintiff's reputation or character is material in the context of Plaintiff's claim for malicious prosecution.  The evidence is relevant under Fed. R. Evid. 401 (having "any tendency to make the existence of any fact that is of consequence to the determination of the action more

---

[6](...continued)
Deposition of Kevin G. Tobin at 1-65 (copy attached to Hitt Aff. As Ex. F).

probable or less probable than it would be without the evidence").  The evidence regarding

Defendant Crowley's knowledge of Plaintiff's character or reputation is admissible for the

reasons set forth above and can be proved by the methods set forth in Fed. R. Evid. 405:

> (a) Reputation or opinion.  In all cases in which evidence of character or a trait of character of a person is admissible, proof may be made by testimony as to the reputation or by testimony in the form of an opinion.  On cross-examination, inquiry is allowable into relevant specific instances of conduct.

> (b) Specific instances of conduct.  In cases in which character or a trait of character of a person is an essential element of a charge, claim, or defense, proof may also be made of specific instances of that person's conduct.

Id.

Finally, Plaintiff's argument  that the evidence be excluded under Fed. R. Evid. 403 as

more prejudicial than probative (Plaintiff's Memo. at 6-7) must be rejected by this Court because

excluding the evidence would undermine Defendant Crowley's ability to defend himself against

Plaintiff's claim for malicious prosecution.  The Rule 403 calculus should be adjusted here

because of the "highly important" nature of the evidence in the context of the judicially

disfavored tort of malicious prosecution.  Restatement (Second) of Torts § 662, comment h.  The

possible harm that Plaintiff contends will flow from admission of the evidence (Plaintiff's

Memo. at 7) can be avoided by an appropriate limiting instruction by the Court, rather than

wholesale exclusion of this highly important evidence.

## Conclusion

For the reasons set forth above, this Court should deny Plaintiff's Motion.

Respectfully submitted,

ROBERT F. CROWLEY, Individually

By his attorney,

/s/John R. Hitt
John R. Hitt (BBO # 567235)
Cosgrove, Eisenberg & Kiley, PC
One International Place, Suite 1820
Boston, MA 02110
(617) 439-7775

DATED: March 2, 2010

### CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as nonregistered participants on March 2, 2010.

/s/John R. Hitt

-12-