UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 08-10744-RGS

TIMOTHY KAES

v.

CITY OF QUINCY, and
ROBERT F. CROWLEY, individually and in his capacity
as the Chief of the City of Quincy Police Department

ORDER OF DISMISSAL

June 1, 2010

STEARNS, D.J.

This case, after extended litigation and discovery, has shed its original federal jurisdictional claims under the Federal Civil Rights Act, 42 U.S.C. § 1983, and narrowed itself to a purely state-law claim of malicious prosecution.[1]  It is true that "[i]n an appropriate situation, a federal court may retain jurisdiction over state-law claims notwithstanding the early demise of all foundational federal claims." Rodriguez v. Doral Mortgage Corp., 57 F.3d 1168, 1177 (1st Cir. 1995).  However, "[i]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine – judicial economy, convenience, fairness, and comity – will point toward declining to exercise jurisdiction over the remaining

---

[1]Save in the rarest of Fourth Amendment circumstances not applicable here, where a State recognizes the common-law tort of malicious prosecution (as does Massachusetts), a plaintiff is barred from pursuing a cognate due process claim (substantive or procedural) under section 1983.  Reid v. New Hampshire, 56 F.3d 332, 336 n.8, 341 (1st Cir. 1996).

state-law claims." <u>Carnegie-Mellon Univ. v. Coheill</u>, 484 U.S. 343, 350 n.7 (1988).   A factor militating heavily in favor of declination is when "the claim raises a novel or complex issue of State law."  28 U.S.C. § 1367(c)(1).

After conferring with counsel, I agree that this is such a case.  Because of the posture in which the case arose in the courts of Massachusetts, the determinative issue is likely to involve the relative weight to be given to a Clerk-Magistrate's finding of no probable cause, as opposed to a contrary finding by a District Court Justice, or the possibly countervailing significance of a trial judge's denial of a motion for judgment as a matter of law.   None of these delicate questions have a clear answer as yet in Massachusetts law.  <u>Compare</u> <u>Moore v. Hartman</u>, 571 F.3d 62, 67-68 (D.C. Cir. 2009).

Consequently, I will decline jurisdiction over the state-law malicious prosecution claim in the expectation that the case will be refiled by the plaintiff in the Superior Court. To the extent it is relevant, the court notes the savings clause of Mass. Gen. Laws ch. 260, § 32.

<u>ORDER</u>

For the foregoing reasons, the Complaint is <u>DISMISSED</u> without prejudice.  The Clerk will close the federal docket on this matter.

SO ORDERED.

/s/ Richard G. Stearns

_____

UNITED STATES DISTRICT JUDGE